**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4355**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RONALD ALLEN WRIGHT,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:18-cr-00078-MGL-1)

Submitted:  February 20, 2020                    Decided:  March 13, 2020

Before MOTZ, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Wells Dickson, Jr., WELLS DICKSON, PA, Kingstree, South Carolina, for Appellant. Tommie DeWayne Pearson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury convicted Ronald Allen Wright of conspiring to commit mail and wire fraud, in violation of 18 U.S.C. § 1349 (2018), and filing a false tax return, in violation of 26 U.S.C. § 7206(1) (2018), the district court sentenced Wright to 120 months' imprisonment. On appeal, Wright's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal, but questioning several aspects of the proceedings below. Wright has filed a pro se supplemental brief, raising several sovereign citizen arguments contesting the district court's jurisdiction. We affirm the district court's judgment.

First, counsel questions whether the district court erred in denying Wright's motion for a severance. We review a district court's decision to grant or deny a severance for abuse of discretion. *United States v. Min*, 704 F.3d 314, 319 (4th Cir. 2013). "We will only find an abuse of discretion where the trial court's decision to deny a severance deprives the defendant of a fair trial and results in a miscarriage of justice." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) (internal quotation marks omitted). Here, the evidence at trial overwhelmingly focused on Wright's criminal conduct and, thus, Wright was not prejudiced. Therefore, we discern no abuse of discretion.

Second, counsel questions whether the district court erred in admitting business records seized from Wright's office. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). "The abuse of discretion standard is highly deferential, and a reviewing court should not reverse unless the ruling is manifestly erroneous." *United States v. Graham*, 711 F.3d 445, 453 (4th Cir.

2

2013) (internal quotation marks omitted). We conclude that the district court did not abuse its discretion in admitting the documents under Fed. R. Evid. 803(6).

Third, counsel questions whether sufficient evidence supports Wright's convictions. "We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir.), *cert. denied*, 139 S. Ct. 238 (2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the Government. *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (brackets and internal quotation marks omitted). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

To convict Wright of conspiracy to commit wire and mail fraud under 18 U.S.C. § 1349, the Government had to establish that (1) two or more people agreed to commit wire and mail fraud, and that (2) Wright willfully joined the conspiracy intending to further its unlawful purposes. *See United States v. Burfoot*, 899 F.3d 326, 335 (4th Cir. 2018); *United States v. Chittenden*, 848 F.3d 188, 195 (4th Cir.), *vacated on other grounds*, 138 S. Ct. 447 (2017). To establish wire fraud, the Government had to prove Wright (1) devised or intended to devise a scheme to defraud and (2) used or caused the use of wire

3

communications in furtherance of that scheme. *Burfoot*, 899 F.3d at 335. "To establish mail fraud, the Government must prove that the defendant (1) knowingly participated in a scheme or artifice to defraud and (2) mailed, or caused to be mailed, anything for the purpose of executing such scheme." *United States v. Gillion*, 704 F.3d 284, 294 (4th Cir. 2012) (internal quotation marks omitted). To sustain a conviction under 26 U.S.C. § 7206(1), the Government must prove "(1) the defendant made and subscribed to a tax return containing a written declaration; (2) the tax return was made under penalties of perjury; (3) the defendant did not believe the return to be true and correct as to every material matter; and (4) the defendant acted willfully." *United States v. Kimble*, 855 F.3d 604, 614 (4th Cir. 2017) (internal quotation marks omitted).

Sufficient evidence supports Wright's convictions. Wright conspired with his subordinate to defraud her credit card company by attempting to pay her balance through the use of his sovereign citizen ideology, and she used the Internet in the attempt. When her credit card company rejected her attempt, Wright called the company to dispute their rejection. Wright further invited his victims to listen to his telephone seminars to solicit their business, and he used certified and registered mail in furtherance of his scheme. Wright also failed to disclose the income he earned from his business on his tax returns, which were signed under penalty of perjury. The evidence showed that he was aware of this income and, thus, his failure to disclose this information was willful and not a mistake.

Fourth, counsel questions whether the district court erred in denying Wright's pro se motions that raised various sovereign citizen theories on why the district court lacked jurisdiction over this matter, and Wright repeats these arguments in his pro se brief. These

4

arguments are frivolous and, thus, the district court did not err in denying his motions. *See Bey v. Indiana*, 847 F.3d 559, 561 (7th Cir. 2017); *United States v. Jonassen*, 759 F.3d 653, 657 n.2 (7th Cir. 2014).

Finally, counsel questions whether Wright's sentence is reasonable. We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. We apply "a presumption of reasonableness to a sentence within or below a properly calculated guidelines range." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted).

We discern no procedural error. The district court correctly calculated the Guidelines range, gave Wright an opportunity to allocute, and cited several § 3553(a) factors in explaining why a within-Guidelines sentence was appropriate. We further conclude that there is no evidence in the record overcoming the presumption of substantive reasonableness accorded to Wright's within-Guidelines sentence.

5

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Wright, in writing, of the right to petition the Supreme Court of the United States for further review. If Wright requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wright.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*